| | |
|---|---|
| PAUL BERGERON, derivatively on behalf of<br>Ridgewood Electric Power Trust V and<br>Ridgewood Power Growth Fund,<br><br>Plaintiffs,<br><br>v.<br><br>RIDGEWOOD ELECTRIC POWER TRUST V,<br>RIDGEWOOD POWER GROWTH FUND,<br>RIDGEWOOD RENEWABLE POWER, LLC,<br>RIDGEWOOD ENERGY HOLDING CORP.,<br>and<br>ROBERT E. SWANSON,<br><br>Defendants,<br><br>RIDGEWOOD U.K. LLC,<br>RIDGEWOOD ROC 2003, LLC,<br>RIDGEWOOD ROC II 2003, LLC,<br>RIDGEWOOD ROC III 2003, LLC,<br>RIDGEWOOD ROCIV 2004, LLC, and<br>ARBUTUS ENERGY LIMITED,<br><br>Nominal Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 1:07-cv-10622-RGS**<br>)<br>)<br>)<br>)<br>)  Removed from:<br>)<br>)  Suffolk Superior Court<br>)<br>)  C.A. No. 07-1205 BLS1<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>RIDGEWOOD'S OPPOSITION TO<br>MOTION TO REMAND</u>

The Defendants – two business trusts, a limited liability company, a corporation, and an individual – collectively referred to hereafter as "Ridgewood," hereby oppose Plaintiff's Motion to Remand. In support of this Opposition, Ridgewood refers the Court to its Notice of Removal filed in this action (Docket Entry 1) and to its Motion to Consolidate (Docket Entry 47) filed in the related, earlier-filed action of <u>Bergeron v. Ridgewood Securities Corp.</u>, et al., U.S.D.C. Mass., 06-cv-10321 (Feb. 21, 2006) ("Bergeron I"), and further states as follows.

This is Plaintiff Bergeron's second action against several Ridgewood entities arising out of the same investments, and his second attempt to remand. Plaintiff also attempted to remand in Bergeron I. That attempt was finally abandoned when Plaintiff conceded that he could not or would not pursue a claim against the only non-diverse defendant (Hess Financial Services) that he had included in that action (see Docket Entries 11, 17, and 22; Electronic Order dated April 12, 2006; and hearing dated June 29, 2006, all in Bergeron I). Plaintiff has now filed this second action against distinct but related Ridgewood defendants, although the cause of action is inextricably linked to the first action, as is explained in Ridgewood's Notice of Removal and Motion to Consolidate.

Plaintiff's motion to remand this second action, which, if successful, will result in two separate actions pending simultaneously by the same Plaintiff against essentially the same Defendants arising out of a common set of facts, is clearly an attempt by Plaintiff to have two litigation bites at the apple against Ridgewood arising out of the same investments.[1] As explained below, as with the first action, there is complete diversity in this second action, based upon the United States Supreme Court's holding in <u>Navarro Savings Assn. v. Lee</u>, 446 U.S. 458, 100 S.Ct. 1779 (1980). Plaintiff's motion to remand is based on an erroneous reading of <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 110 S.Ct. 1015 (1990), which did not overrule <u>Navarro</u>.

---

[1] In denying Plaintiff's motion for a preliminary injunction in this action (before it was removed), Judge van Gestel of the Suffolk Superior Court wondered why Plaintiff was pursuing a separate action from the already-pending Bergeron I. <u>See</u> Exhibit A to Ridgewood's April 2, 2007 Motion to Consolidate (Docket Entry 47) filed in Bergeron I. Plaintiff's "two-bite" strategy is particularly ironic; in his Opposition to Ridgewood's Motion for Reconsideration of the Court's ruling on Ridgewood's Motion to Dismiss in Bergeron I, Plaintiff characterized Ridgewood's Motion as "nothing more than a bald request for a second bite at the apple . . ." <u>Bergeron v. Ridgewood Securities Corp.</u>, U.S.D.C. Mass., C.A. No. 1:06-10321, Docket Entry 46 (Feb. 1, 2007), p. 1.

Boiled down to its essence, Plaintiff's motion for remand argues that, even though it did not deal directly with the citizenship of a business trust – which is what the relevant defendants are here – Carden stands for the proposition that the citizenship of all artificial entities other than corporations is determined by the citizenship of every member of that entity. Plaintiff argues that, in its Notice of Removal, Ridgewood is either misreading the post-Carden case law, or, essentially, that those cases are wrong. Respectfully, it is Plaintiff who is wrong. Carden does not stand for the proposition that the citizenship of a business trust is determined by the citizenship of its beneficiaries. Rather, as Navarro makes clear, for purposes of federal diversity jurisdiction the citizenship of a business trust is determined according to the citizenship of the trustees only.

Although recognizing the similarities between a business trust, on the one hand, and a corporation or unincorporated business association such as a limited partnership, the Navarro court specifically rejected the argument that a business trust's citizenship should be treated the same way that an unincorporated business association's would be – i.e., according to the residence of each of the members:

> We need not reject the argument that Fidelity [i.e., the business trust] shares some attributes of an association. In certain respects, a business trust also resembles a corporation. But this case involves neither an association nor a corporation. *Fidelity is an express trust, and the question is whether its trustees are real parties to this controversy for purposes of a federal court's diversity jurisdiction.*

Navarro, 446 U.S. at 462, 100 S.Ct. at 1782. Applying a "real party in interest" test, the Navarro Court noted that a trust can sue or be sued *only* by and through its trustees, and observed that "*the Court never has analogized express trusts to business entities for purposes of diversity*

3

*jurisdiction*." Id. at 463, 110 S.Ct. at 1783 n.10 and 11 (citing Bank of United States v. Deveaux, 5 Cranch 61, 91 (1809) and Thomas v. Board of Trustees, 195 U.S. 207 (1904) (emphasis added). The Supreme Court found that as long as the trustee held "certain customary powers to hold, manage, and dispose of assets for the benefit of others," the trust would be deemed an "express trust," and citizenship would be determined based on the citizenship of the trustee. Id. at 464, 110 S.Ct. at 1783-1784. Rejecting an extensive discussion in dissent from Justice Blackmun, who argued in favor of a case-by-case test for determining whether a business trust is more like a limited partnership or corporation, the majority in Navarro opted for the bright line "citizenship of the trustee" rule:

> The relative simplicity of this established principle … is one of its virtues. "It is of first importance to have a definition … [that] will not invite extensive threshold litigation over jurisdiction, although the resulting "differentiations of treatment … appear somewhat arbitrary."

Id. at n.13 (internal citations omitted). Because the trustees had legal title to the assets, managed the assets, and could control the litigation, the Court concluded that citizenship of a business trust is determined not by the citizenship of the beneficiaries or the trust's state of organization, but by the citizenship of the trustees.

Carden in no way overrules this principle. Carden did not involve an express trust, but rather a limited partnership. The Carden court concluded that a limited partnership was essentially an unincorporated association, and that the rule from Chapman v. Barney, 129 U.S. 677 (1989), requiring that citizenship of an association be determined according to its membership rather than state of organization, controlled the outcome of the diversity jurisdiction analysis. Carden, 494 U.S. at 188-189, 110 S.Ct. 1018 (discussing the "doctrinal wall of Chapman v. Barney"). The appellant in Carden, in an effort to breach the doctrinal wall by

4

analogizing the limited partnership to a corporation, invoked <u>Navarro</u> in support of his argument.

Writing for the majority, Justice Scalia summarily rejected the analogy on the basis that an

express trust was not an artificial business entity. <u>Id</u>. at 191, 110 S.Ct. at 1019 ("Navarro, in

short, has nothing to do with the Chapman question . . .") Justice Scalia recognized that the

<u>Navarro</u> court had discussed the organizational characteristics of the Massachusetts business

trust, but "not at all, however, for the purpose of determining *whether the trust had attributes*

*making it a citizen . . .*" <u>Id</u>. Rather, the <u>Navarro</u> court had merely reiterated the "150 year old"

rule making the trustees – not the beneficiaries – the real parties in interest for diversity

jurisdiction. <u>Id</u>. The clear import of the discussion of <u>Navarro</u> in <u>Carden</u> was to maintain the

"doctrinal wall" between diversity jurisdiction for express trusts (determined by trustee

citizenship) and unincorporated business entities (determined by entire membership), not to

overrule <u>Navarro</u>.[2]

As noted in Ridgewood's Notice of Removal, virtually every reported case considering

the issue of the citizenship of a trust has concluded that the rule of <u>Navarro</u> is still the governing

law of federal diversity jurisdiction for express trusts – i.e., that <u>Carden</u> did not overrule <u>Navarro</u>.

<u>See</u> <u>Hicklin Engineering, L.C. v. Bartell</u>, 439 F.3d 346, 348 (7th Cir. 2006); <u>Johnson v. Columbia</u>

<u>Properties Anchorage, LP</u>, 437 F.2d 894, 899 (9th Cir. 2006); <u>Lenon v. St. Paul Mercury</u>

<u>Insurance</u>, 136 F.3d 1365, 1369 (10th Cir. 1998); <u>accord</u> <u>Bath Iron Works Corp. v. Certain</u>

---

[2] Further support for this interpretation is found in the fact that the <u>Carden</u> court characterized
the decision in <u>Puerto Rico v. Russell & Co</u>., 288 U.S. 476 (1933), as the sole "exception" to the
<u>Chapman</u> rule. <u>Carden</u>, 494 U.S. at 189-190, 110 S.Ct. at 1018. <u>Navarro</u>, by contrast, was
treated as entirely outside the scope of the <u>Chapman</u>-related case law (i.e., an orange rather than
an apple).

Member Companies of the Institute of London Underwriters, 870 F. Supp. 3, 5 (D. Me. 1994) (discussing Navarro); see also Consumers Savings Bank v. Touche Ross & Co., 613 F.Supp. 249, 251 (D. Mass. 1985) (noting, pre-Carden, that "[i]n Navarro, the [Supreme] Court demonstrated that it also would not analogize express trusts to unincorporated associations.").[3] See also C. Wright, A. Miller, and E. Cooper, 13B Fed. Prac. & Proc. § 3606 at 419 (2006 Supp.) ("The citizenship of an active trustee, rather than that of the beneficiaries of the grantor, is decisive.").

Plaintiff relies primarily on a single post-Carden decision on the citizenship of trusts, Riley v. Merrill, Lynch, 292 F.3d 1334 (11th Cir. 2002).  With due respect to the Eleventh Circuit, Riley appears to have incorrectly interpreted the Court's discussion in Navarro by treating the business trust as an artificial entity, even though this analogy was specifically rejected in Navarro, and reiterated in dicta by Carden.  The actual outcome in Riley rests upon the Eleventh Circuit's interpretation of a removal provision in the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), rather than its treatment of Navarro and Carden.  This Court should be aware that although Riley has been cite numerous times by other courts for its discussion of SLUSA, not one court or commentator has even referenced its discussion of Carden and Navarro.  For express trusts such as Ridgewood Electric Power Trust V and Ridgewood Power Growth Fund, the law of this Circuit is the Navarro rule (i.e., look to

---

[3] By comparison, with the exception of Riley v. Merrill, Lynch, 292 F.3d 1334 (11th Cir. 2002), the cases cited by Plaintiff to the contrary on page 8 of the Motion to Remand are unreported decisions.  This Court already admonished the parties in this case against citing to unreported decisions, so Ridgewood chooses not to attempt to address these decisions.

citizenship of trustees, not the state of organization of the business trust or the domiciles of the trustee beneficiaries). Bath Iron Works Corp., 870 F. Supp. at 5; Consumers Savings Bank, 613 F.Supp. at 251.[4]

To summarize, in Navarro the United States Supreme Court reaffirmed the age-old rule that that the citizenship of a trust is determined by the citizenship of the trustee. As confirmed by the several Circuit Court and District Court decisions addressing this issue, and notwithstanding the dicta in Riley, Carden did not overrule Navarro. In seeking to remand this action back to state court (and implicitly opposing the motion to consolidate that Ridgewood has already filed in Bergeron I), Plaintiff is seeking to get two separate bites at the apple against Ridgewood arising out of the very same investments.[5]

CONCLUSION

Plaintiff is a citizen of Massachusetts, and each of the Defendants, including the Trusts, is a citizen of a state other than Massachusetts.[6] Accordingly, there is complete diversity for purposes of this lawsuit, and Plaintiff's Motion to Remand must be denied.

---

[4] Plaintiff has not challenged Ridgewood's representation that the two business trusts are express trusts as that term is employed in Navarro.

[5] Plaintiff's veiled Rule 11 threat is particularly troubling. See Plaintiff's Memorandum in Support of Motion to Remand, Docket Entry 3, at 2-3, n.2. Plaintiff's counsel suggests that because he sent Ridgewood's counsel a letter citing Carden, Ridgewood's removal papers violate Rule 11. Plaintiff's counsel is stating that his reading of Carden is infallible. Respectfully, Ridgewood disagrees. Plaintiff should not be making veiled Rule 11 threats.

[6] See Defendants' Notice of Removal (Docket Entry 1). Plaintiff's Motion to Remand does not contest the citizenship of the defendants other than the two Trusts. Nor does Plaintiff dispute that the nominal defendants named in this action are not to be considered for purposes of determining diversity jurisdiction. Finally, Plaintiff's Motion does not dispute that the amount-in-controversy requirement for diversity jurisdiction is met. The only issue is the citizenship of the two Trusts.

Dated at Burlington, Vermont this 18th day of April, 2007.

RIDGEWOOD ELECTRIC POWER TRUST V, et al.

By: _____/s/ Walter E. Judge, Jr._____
     Walter E. Judge, Jr. (BBO #556650)
     Robert B. Luce
     William J. Dodge
     Downs Rachlin Martin PLLC
     Attorneys for Defendants
     199 Main Street, P.O. Box 190
     Burlington, VT  05402
     802-863-2375

cc:    William C. Nystrom, Esq.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by facsimile/mail/e-mail on April 18, 2007.

_____/s/  Walter E. Judge, Jr._____
Walter E. Judge, Jr.

BTV.561440.02