UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10622-RGS

PAUL BERGERON, derivatively on behalf of
Ridgewood Electric Power Trust V, and
Ridgewood Power Growth Fund

v.

RIDGEWOOD ELECTRIC POWER TRUST V,
RIDGEWOOD POWER GROWTH FUND,
RIDGEWOOD RENEWABLE POWER, LLC,
RIDGEWOOD ENERGY HOLDING CORP., and
ROBERT E. SWANSON

and

RIDGEWOOD U.K. LLC,
RIDGEWOOD ROC 2003, LLC,
RIDGEWOOD ROC II 2003, LLC,
RIDGEWOOD ROC III 2003, LLC,
RIDGEWOOD ROC IV 2004, LLC, and
ARBUTUS ENERGY LIMITED
Nominal Defendants

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO REMAND AND DEFENDANTS'
MOTION TO CONSOLIDATE

July 5, 2007

STEARNS, D.J.

Plaintiff Paul Bergeron brought this derivative lawsuit on behalf of Ridgewood Electric Power Trust V (Power Trust V) and Ridgewood Power Growth Fund (Power Growth Fund). He challenges "the wrongful, self-interested allocation" by the Managing Shareholder of the proceeds of the sale of Envirogas, a renewable energy company in the United Kingdom. Bergeron filed his Complaint in the Business Litigation Session of the

Massachusetts Superior Court for Suffolk County. Defendants removed the action to this court on diversity grounds. Defendants assert that <u>Smith v. Sperling</u>, 354 U.S. 91, 96-98 (1957), requires that a court in a derivative action determine diversity jurisdiction by treating the investor as plaintiff and the managing entity as defendant. They further argue that <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458 (1980), establishes that for diversity jurisdiction purposes, the citizenship of a business trust is determined solely by the citizenship of its trustees.[1] Bergeron moves to remand the case to the Suffolk County Court pursuant to 28 U.S.C. § 1446(c)(4) and 28 U.S.C. §1447(c). Bergeron maintains that the holding of <u>C.T. Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990), supplants <u>Navarro</u>. According to <u>Carden,</u> when diversity is at issue, the citizenship of an unincorporated entity is determined by the citizenship of all of its members – in this case, the trust beneficiaries as well as the trustees. <u>Id.</u> at 195-197.

### BACKGROUND

Bergeron alleges that defendant Ridgewood Renewable Power, LLC, as the Managing Shareholder of defendants Power Trust V and Power Growth Fund, breached its fiduciary duty to the Trusts by selling Envirogas (in which the Trusts owned an 88 percent interest) and then allocating to the Trusts less than 30 percent of the sale proceeds.[2] Bergeron also named Robert E. Swanson, the Chairman and CEO of Ridgewood Energy Holding Corp. and President of Ridgewood Renewable Power, LLC,

---

[1] It is undisputed that each of the trustees is a citizen of a state other than Bergeron's home state of Massachusetts.

[2] As Bergeron brought this action derivatively on behalf of Power Trust V and Power Growth Fund, he was required to name the Trusts as defendants.

as a defendant.[3] On March 29, 2007, defendants filed the notice of removal together with a motion seeking to consolidate this case with an earlier filed case, Bergeron v. Ridgewood Sec. Corp., No. 06-CV-10321-RGS.

Bergeron is a citizen of Massachusetts. Defendant Power Trust V is a Delaware Business Trust with numerous investor/beneficiaries. Defendant Power Growth Fund is also a Delaware Business Trust, similarly populated by a large and geographically diverse group of investors. At least one investor/beneficiary in Power Trust V and Power Growth Fund is a citizen of Massachusetts.

DISCUSSION

The removal and diversity jurisdiction statutes are strictly construed – any doubts about the propriety of a removal are resolved in favor of remand. Danca v. Private Healthcare Sys., Inc.,185 F.3d. 1, 4 (1st Cir. 1999); In re Massachusetts Diet Drug Litig., 338 F. Supp. 2d. 198, 202 (D. Mass. 2004). Diversity of citizenship "must be complete" for purposes of 28 U.S.C. §1332. In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). "Since diversity of citizenship is a jurisdictional requirement, the Court is always 'called upon to decide' it." Carden, 494 U.S. at 195. See also Riley v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002) ("As always, jurisdiction is a threshold inquiry that [federal courts] are required to consider before addressing the merits of any claim.").

While the parties' arguments are straightforward, the applicable law is more

---

[3]There are also named nominal defendants: Ridgewood U.K. LLC, Ridgewood ROC 2003, LLC, Ridgewood ROC II 2003, LLC, Ridgewood ROC III 2003, LLC, Ridgewood ROC IV 2004, LLC, and Arbutus Energy Limited.

nuanced.  Defendants rely mainly on the <u>Navarro</u> case for the proposition that for diversity purposes, the citizenship of a business trust is determined solely by the citizenship of its trustees.  At first glance, this would appear to be a correct statement of the law.  In 1980, the <u>Navarro</u> Court held that eight individual trustees of a business trust, who brought an action for breach of contract, could "invoke the diversity jurisdiction of the federal court on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." <u>Navarro</u>, 446 U.S. at 458.  Defendants argue that the holding in <u>Navarro</u> is binding, and that the court must as a result disregard the citizenship of the beneficiaries of Power Trust V and Power Growth Fund in determining its jurisdiction.

In light of the Supreme Court's ruling in <u>Carden</u>, which was decided ten years after <u>Navarro</u>, I disagree.[4]  <u>Carden</u> is explicit that the citizenship of an artificial entity other than a corporation is determined by the citizenship of "every member" of the entity.  In <u>Carden</u>, Justice Scalia powerfully distinguished the holding in <u>Navarro</u> as follows.

> That case, however, did not involve the question whether a party that is an artificial entity other than a corporation can be considered a "citizen" of a State, but the quite separate question whether parties that were undoubted

[4]In <u>Carden</u>, a limited partnership brought suit on a contract claim in federal court relying on diversity jurisdiction. 494 U.S. at 186.  The defendants, all Louisiana citizens, moved to dismiss on the basis that one of the limited partners was also a citizen of Louisiana. The Court of Appeals held that there was complete diversity among the parties because the citizenship of the limited partnership was determined by the citizenship of the general, and not the limited partners.  <u>Id.</u> at 186-187.  The Supreme Court granted certiorari to determine "whether, in a suit brought by a limited partnership, the citizenship of the limited partners must be taken into account to determine diversity of citizenship among the parties."  <u>Id.</u> at 186.  In reversing the Court of Appeals, the Supreme Court reaffirmed the "oft-repeated rule" of <u>Chapman v. Barney</u>, 129 U.S. 677 (1889), and rejected "the contention that to determine for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."  494 U.S. at 195.

"citizens" (viz., natural persons) were the real parties to the controversy. The plaintiffs in <u>Navarro</u> were eight individual trustees of a Massachusetts business trust, suing in their own names. The defendant, Navarro Savings Association, disputed the existence of complete diversity, claiming that the trust beneficiaries rather than the trustees were the real parties to the controversy, and that the citizenship of the former and not the latter should therefore control. In the course of rejecting this claim, we did indeed discuss the characteristics of a Massachusetts business trust – not at all, however, for the purpose of determining whether the trust had attributes making it a "citizen," but only for the purpose of establishing that the respondents were "active trustees whose control over the assets held in their names is real and substantial," thereby bringing them under the rule, "more than 150 years" old, which permits such trustees "to sue in their own right, without regard to the citizenship of the trust beneficiaries."

<u>Carden</u>, 494 U.S. at 191.

Here, of course, the trustees are not attempting to sue in their own right – they are, in effect, being sued. Because defendants Power Trust V and Power Growth Fund are "artificial entities other than corporations," their citizenship for purposes of determining diversity jurisdiction depends on the citizenship of "all the members." <u>Carden</u>, 494 U.S. at 195. As it is undisputed that there are beneficiaries of Power Trust V and Power Growth Fund who share Massachusetts citizenship with Bergeron, the "complete" diversity required does not exist. See <u>Emerald Investors Trust v. Gaunt Parsippany Partners</u>, __ F.3d __, 2007 WL 1695342, at *11 (3d Cir. June 13, 2007) ("For diversity of citizenship purposes, a court should examine the citizenship of trustees and the beneficiaries to determine the citizenship of the trust."); <u>Riley</u>, 292 F.3d at 1337-1340 (same); <u>RTC Commercial Asset Trust v. Phoenix Bond & Indem. Co.</u>, 169 F.3d 448, 451-452 (7th Cir. 1999) (same). <u>Cf.</u> <u>Pramco, LLC v. San Juan Bay Marina, Inc.</u>, 435 F.3d 51, 54-55 (1st Cir. 2006) (applying <u>Carden</u> in holding that a limited liability partnership is a citizen of every

state in which at least one of its partners reside); American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138 (1st Cir. 2004) ("For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of every state of which any of its general or limited partners are citizens.").

ORDER

For the foregoing reasons, Bergeron's Motion to Remand is ALLOWED. Defendants' Motion to Consolidate (Docket #47 in No. 06-CV-10321-RGS) is MOOT. In light of the court's decision, the hearing scheduled for July 11, 2007, will not go forward. The case will be closed.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE